UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMEEN MURAD, <br> *Plaintiff,* <br> v. <br> ALEJANDRO N. MAYORKAS, <br> Secretary of the U.S. Department of <br> Homeland Security, *et al.*, <br> *Defendants.* | CASE NO. 2:22-cv-05117-SDW-JSA <br> **MOTION FOR ENTRY** <br> **OF DEFAULT FINAL JUDGMENT** |

The undersigned counsel, on behalf of plaintiff, Rameen Murad, moves this Court for entry of a default judgment as to defendants Alejandro N. Mayorkas, Secretary of the U.S. Department of Homeland Security, *et al.*, upon the complaint heretofore filed and served upon the defendants, in accordance with the provisions of Rule 55(b)(2), and (d), Federal Rules of Civil Procedure, and in support thereof shows the Court the following.

1. On August 19, 2022, the plaintiff filed in the United States District Court, District of New Jersey, a Complaint seeking a writ of mandamus for defendants' failure to interview plaintiff and decide her application for asylum in a timely manner, as required by 8 U.S.C. § 1158(d)(5)(ii) and (iii). A copy of said Complaint is attached hereto as Exhibit 1 and is incorporated herein by reference.

2. On August 29, 2022, a copy of said Complaint and a Summons in a Civil Action were served by defendants at the address designated by defendants for service of process, USDHS, 3801 Nebraska Avenue NW, Washington, DC 20528. A copy of the Process Receipt and Return and Summons is attached hereto as Exhibit 2 and is incorporated herein by reference.

3. More than sixty days have elapsed since the service of said Complaint and Summons upon defendants, and no Answer thereto has been served by defendants upon the plaintiff.

4. Defendants have failed to plead or otherwise defend this action. Plaintiff is entitled to judgment by default against defendants, and default judgment should be entered against the defendants, based on the foregoing.

5. Pursuant to the provisions of Rule 55(b)(2) and (4), Federal Rules of Civil Procedure, this Court is empowered to enter a default judgment against the defendants for relief sought by plaintiff in its complaint.

## PRAYER

WHEREFORE, plaintiff prays that this Court enter a judgment of default against defendants, and issue an order in the nature of a writ of mandamus requiring defendants to adjudicate plaintiff's asylum application forthwith.

Respectfully submitted,

/S/ **ADAM SOLOW**_____
ADAM SOLOW, ESQ.
Attorney for Plaintiff

Solow, Hartnett and Galvan LLC
1601 Walnut Street, Suite 1200
Philadelphia, PA 19102
Tel: 215-330-5244
adam@shglawpa.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | CASE NO. 2:22-cv-05117-SDW-JSA
RAMEEN MURAD, | **AFFIRMATION IN SUPPPORT OF**
    *Plaintiff,* | **MOTION FOR ENTRY**
| <u>**OF DEFAULT FINAL JUDGMENT**</u>
    v. |
|
ALEJANDRO N. MAYORKAS, |
Secretary of the U.S. Department of |
Homeland Security, *et al.*, |
    *Defendants.* |

Adam Solow, Esq., hereby declares as follows:

1. I am the attorney for the plaintiff in this action.

2. This action for a writ of mandamus under 8 U.S.C. § 1361 was commenced by service of a summons and complaint on defendants on August 19, 2022.

3. The time for defendants to answer or otherwise move with respect to the complaint herein has expired.

4. Defendants have not answered or otherwise moved with respect to the complaint, and the time for defendant(s) to answer or otherwise move has not been extended.

5. Pursuant to FRCP 55(d), Plaintiff asserts that she is eligible for a grant of asylum since she is present in the United States, having entered on November 13, 2019, and has submitted an I-589 Application for Asylum and for Withholding of Removal which was received by defendants on April 27, 2020. The application was made in a timely manner within one year of her arrival in the United States and in compliance with all of defendants' procedural requirements.

6. In her application plaintiff states facts establishing eligibility for asylum relief, in that she is a devout Christian from Pakistan who was repeatedly threatened and attacked in her country on account of her religious beliefs and practices. She was forced into a van at gunpoint by men who wanted to make her marry a Muslim man and convert to Islam; her father and other family members have been repeatedly threatened and attacked on

account of their religious beliefs; and her family home was attacked (with her and her family inside) and the electrical power cut off by men yelling threats against the family, forcing the family to escape by moving to another city. Plaintiff has a well-founded fear of persecution if she were to return to Pakistan.

7. Since submitting her application plaintiff has asked defendants numerous times to schedule her case for an interview and decide her application, without success. Defendants continue to refuse to act on her application in violation of their non-discretionary duty to decide her application for asylum in a timely manner, as required by 8 U.S.C. § 1158(d)(5)(ii) and (iii).

WHEREFORE, plaintiff requests that a default judgment be entered in favor of plaintiff and against defendants.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the relief sought is justly due to plaintiff.

Dated: December 2, 2022

**/S/ Adam Solow**
Adam Solow, Esq.
Solow, Hartnett and Galvan LLC
1601 Walnut Street, Suite 1200
Philadelphia, PA 19102
Tel: 215-330-5244
adam@shglawpa.com